1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11    DONALD EUGENE MITCHELL,                    CASE NO.  10-cv-0963 GPC (DHB)

12                                    Petitioner,    **ORDER (1) ADOPTING IN PART AND**
                                                    **DECLINING TO ADOPT IN PART**
13         v.                                        **REPORT & RECOMMENDATION,**
                                                    **AND (2) REMANDING TO**
14                                                   **MAGISTRATE JUDGE TO ADDRESS**
       MATTHEW MARTEL, Warden,                       **PROCEDURAL DEFAULT**
15
                                    Respondent.
16

17

18           On May 3, 2010, Petitioner Donald Eugene Mitchell (Petitioner), proceeding pro se, filed a

19    petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he alleges ineffective assistance

20    of counsel, and denial of a mental competency hearing.[1]  [ECF No. 1.]  On August 3, 2011, Respondent

21    filed a Motion to Dismiss asserting the Petition is time barred pursuant to 28 U.S.C. § 2244(d).  [ECF

22    No. 23.]  On September 15, 2011, the Court granted Petitioner's request for appointment of counsel and

23    appointed CJA panel attorney Kurt David Hermansen. [ECF No. 35.]    On November 11, 2011,

24    Petitioner filed a Response in Opposition to the Motion to Dismiss.  [ECF No. 41.]  Respondent filed

25    a Reply on November 21, 2011, and Petitioner filed a Response to the Reply on November 26, 2011.

26    [ECF Nos.  42-43.]

27

28           [1]Petitioner filed his federal petition for writ of habeas corpus with the assistance of a "jailhouse lawyer,"
       however he now has appointed counsel.  (Report & Recommendation at 12 [ECF No.46.])

The Court referred the matter to Magistrate Judge Louisa L. Porter, who issued a Report and Recommendation ("R & R") recommending that Respondent's Motion to Dismiss be denied, finding that Petitioner was entitled to equitable tolling and that the claims were not procedurally barred [ECF No. 46.] On February 17, 2011, Respondent filed Objections. [ECF No. 47.]

The matter being fully briefed, the Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1.(d.1). For the reasons outlined below, the Court **ADOPTS** the Report in part and **DECLINES** to adopt the Report in part, and **REMANDS** the case for further briefing as outlined below.

## I.    FACTUAL AND PROCEDURAL HISTORY

On April 18, 1997, a jury convicted Petitioner of false imprisonment by violence. (Lodgment 1 at 63.) The trial court subsequently determined that Petitioner had previously been convicted of three crimes that qualified him for sentencing under the Three Strikes law and had served a prison term. The court sentenced Petitioner to imprisonment for twenty-five years to life. (Id. at 112.)

On December 23, 1997, Petitioner appealed to the California Court of Appeal, contending (1) that the trial court abused its discretion in precluding defense impeachment of the victim with evidence of a prior misdemeanor conviction for prostitution, and (2) the sentence under the Three Strike laws was cruel and unusual. (Lodgment 3.) On July 24, 1998, the appellate court denied the appeal. (Lodgment 6.)

On August 7, 1998, Petitioner filed a petition for review in the California Supreme Court challenging his sentence. (Lodgment 7.) On September 30, 1998, the California Supreme Court denied review. (Lodgment 8.) Petitioner did not seek certiorari from the United States Supreme Court.

On October 16, 2009, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (Lodgment 9.) In the petition, Petitioner claimed his defense counsel was ineffective for failing to investigate the victim's record of prostitution or to investigate Petitioner's mental competence. (Id. at 3) On April 14, 2010, the California Supreme Court denied the petition with a citation to In re Robbins, 18 Cal.4th 770, 780 (1998). (Lodgment 10.)

//

//

1    Petitioner filed the current Petition on May 3, 2010, in which he alleges ineffective assistance

2  of counsel and denial of a mental competency hearing. [ECF No. 1.]  Respondent filed a Motion to

3  Dismiss on August 17, 2010, contending that the claims were untimely and did not qualify for statutory

4  or equitable tolling. [ECF No. 9.]  The Court issued a Report and Recommendation on January 19,

5  2011, which made the following findings: (1) Petitioner's conviction became final on December 29,

6  1998; (2) Petitioner had one year from that date to file a timely federal habeas petition, unless tolling

7  applied; and (3) there was no basis for statutory tolling. [ECF No. 13.]  However, the Court concluded

8  that the record was not sufficiently developed to determine whether equitable tolling applied, and so

9  recommended that Respondent expand the record by lodging documents detailing Petitioner's mental

10  condition. [*Id*.]  On February 16, 2011, District Judge John A. Houston adopted the Report and

11  Recommendation in full. [ECF No. 14.]

12    Respondent lodged several medical and psychiatric records with the Court and subsequently

13  renewed its Motion to Dismiss, arguing that Petitioner does not qualify for equitable tolling sufficient

14  to excuse the untimeliness of his Petition, and that the claims are procedurally defaulted.  [ECF No. 23.]

15  On September 15, 2011, given the evidence of Petitioner's mental impairment, the Court appointed CJA

16  panel attorney Kurt David Hermansen to represent Petitioner.  [ECF No. 35.]  On September 16, 2011,

17  Petitioner's jailhouse "lawyer" filed a Response in Opposition to Respondent's Motion to Dismiss.

18  [ECF No. 36.]    On November 7, 2011, Petitioner's counsel filed a First Amended Response in

19  Opposition to the Motion to Dismiss asserting Petitioner is entitled to equitable tolling and that the

20  Petition is not procedurally defaulted.  [ECF No. 40.]  On November 21, 2011, Respondent filed a

21  Reply.  [ECF No. 42.]  Petitioner filed his Response to the Reply on November 26, 2011. [ECF No.

22  43.]

23    On February 3, 2012, Magistrate Judge Porter issued the Report recommending the Court grant

24  Petitioner equitable tolling sufficient to make the Petition timely, and that the claims were not

25  procedurally defaulted. [ECF No. 46.] Respondent filed Objections on February 23, 2012. [ECF No.

26  47.]

27  //

28  //

**II.**          **LEGAL STANDARD**

The duties of the district court in connection with a magistrate judge's report and recommendation are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1).  The district court "must make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1)(C); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989); *United States v. Raddatz*, 447 U.S. 667, 676 (1980).

**III.**          **DISCUSSION**

    **A.**          **Equitable Tolling**

Respondent argues in the Objections that the R&R reversed the burden of proof by giving Petitioner the benefit of presuming ongoing mental impairment despite the absence of evidence for periods of time in which no medical records have been provided.  (Objections at 2,5.)  Respondent further contends that Petitioner has not met his burden of demonstrating that equitable tolling should apply because he has not shown  that he was  mentally impaired for the entire time period from 1999 through 2010.  (Id. at 5-6.)

The Court has reviewed the portion of the R&R addressing equitable tolling, and, based on a de novo review, **ADOPTS** the findings and conclusions of the Magistrate Judge.

    **B.**          **Procedural Default**

Federal courts will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment. *See Coleman v. Thompson*, 501 U.S. 722, 750.  A state procedural rule is "independent" if it is not interwoven with federal law. *LaCrosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001).  A state rule is "adequate" if it is "clear, consistently applied, and well-established" at the time of the default. *Calderon v. United States District Court*, 96 F.3d 1126, 1129 (9th Cir. 1996).  The Ninth Circuit has held that because procedural default is an affirmative defense, Respondent must first have "adequately pled the existence of an independent and adequate state procedural ground . . . ." *Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir 2003).  After Respondent has asserted the existence of an adequate and independent state procedural ground as an affirmative defense, the burden shifts to

Petitioner who must place the defense at issue by "asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." Id. at 586.  If Petitioner meets his burden to place the defense at issue, the "ultimate burden" of proving procedural default . . . belongs to the state. Id.  If the state meets its burden under Bennett, federal review of the claim is foreclosed unless a petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

In the Objections,  Respondent contends that the R&R mistakenly conflates procedural default and equitable tolling, in essence finding that a federal court may excuse a procedural default based on state law if it finds that the Petition is timely under federal law. (Objections at 2.)  Respondent further argues that Petitioner's claims were procedurally defaulted because the California Supreme Court denied the petition with a citation to In re Robbins, which indicated that the Court found the claims to be untimely and that the procedural bar under In re Robbins is independent and adequate to preclude federal review, as concluded by the United States Supreme Court in Walker v. Martin, __ U.S. __ , 131 S.Ct. 1120, 1128-31 (2011).  (Mot. at 1, 3,  10 [ECF No 23.])  According to  Respondent, Petitioner has failed to  show that California's timeliness bar is inadequate by demonstrating that it has been  "applied infrequently, unexpectedly, or freakishly," citing Walker.  (Id. at 4.)

Petitioner counters that the Robbins procedural bar is not adequate to preclude federal review because Walker, is inapplicable in the current situation as it fails to take into consideration a habeas petitioner's mental incompetence and pro se status.  (Oppo. at 19 [ECF No 40].)  Petitioner contends that if this Court relies on Walker to find that Petitioner's claims are procedurally barred it will "violate the requirement that petitions of pro se petitioner's[sic] alleging incompetence be construed liberally, as well as offend due process and notions of fundamental fairness." (Id. at 24.)  Therefore, Petitioner claims the procedural bar is not adequate to preclude federal review of the claims.  (Id.)

A citation to Robbins indicates that the state court has found a petitioner's claims to be untimely on the basis of a state procedural rule.  See Robbins,  18 Cal. 4th 770,  780 (Cal. 1998) (an untimely petition will be considered on the merits only if a petitioner establishes good case for the delay); see

*also Thorson v. Palmer*, 479 F.3d. 643 (9th Cir. 2007) (a citation to page 780 of the *Robbins* opinion was a "clear ruling" that a petition was untimely). As a preliminary matter, the Court finds that the procedural bar under *Robbins* is independent of federal law. *See Bennett*, 322 F.3d at 581 ("We conclude that because the California untimeliness rule is not interwoven with federal law, it is an independent state procedural ground, as expressed in *Clark/Robbins*.") Moreover, the United States Supreme Court in *Walker* determined that the California timeliness rule set forth in *Robbins* was adequate to preclude federal review of habeas claims. *Walker*, 131 S.Ct. at 1128-29. However, Petitioner argues that *Walker* is not controlling here because the petitioner in that case did not suffer from serious mental problems, and the reasoning did not take into account the leniency granted to pro se petitioners when pursuing federal habeas relief. (Oppo. at 20.) Therefore, Petitioner contends that the procedural bar is not adequate to preclude federal review. Petitioner's argument that *Walker* is inapplicable fails for the reasons outlined by Respondent in the Objections, namely, that comity and federalism require this Court to defer to the state court determination that Petitioner's claims are time barred under a state law which is independent and adequate, even if the Court determines that the petition is timely under federal law, unless Petitioner can demonstrate cause and prejudice or that failure to hear the claims will result in a fundamental miscarriage of justice.

Here, the state court determined that Petitioner's claims were untimely under *Robbins*, a procedural bar recognized by the United States Supreme Court as adequate. While principles of comity require the recognition of state procedural rules, "[t]here are, however, exceptional cases in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Lee v. Kemma*, 534 U.S. 362, 375-76 (2002). Here, the Court finds that Petitioner and R&R have failed to show that application of the *Robbins* rule to this case renders the state procedural ground inadequate to preclude consideration of a federal question.

The R&R held that precluding federal review of Petitioner's claims would "unfairly interfere with Petitioner's right to have his constitutional claims heard" and would "offend notions of fundamental fairness [in addition to defeating] the purpose of allowing equitable tolling based on mental incompetence." (Id.) As Respondent suggests, the R&R seems to conflate the concepts of equitable tolling and procedural default, and finds that the procedural bar should not apply because it would be

1  unfair under federal law.  However, this Court cannot substitute its own determination under federal law

2  when the state law underlying a state court determination of untimeliness is independent and adequate.

3  Neither Petitioner, nor the R&R, have demonstrated how the application of *Robbins* was surprising or

4  unfair as required to show the bar is inadequate.  *Walker*, 131 S.Ct at 1130 ("a petitioner might be able

5  to show the rule to be inadequate in his or her own case by showing that 'the California Supreme Court

6  exercised its discretion in a surprising or unfair manner.")  Instead, the R&R discusses the fundamental

7  fairness of the application of the procedural bar, despite the fact that Petitioner has not argued that that

8  failure to address his claims would result in a "fundamental miscarriage of justice."  *See Coleman*, 501

9  U.S. at 750;  *See also Dretke v. Haley*, 541 U.S. 386, 393 (2004)( "The cause and prejudice requirement

10  shows due regard for States' finality and comity interests while ensuring that 'fundamental fairness

11  [remains] the central concern of the writ of habeas corpus.'")  Therefore, Petitioner has not met his

12  burden of pleading facts that show the procedural bar under is inadequate.  Consequently, the Court finds

13  that the procedural bar is independent and adequate, and the burden now shifts back to Petitioner to

14  demonstrate cause for the default and actual prejudice as a result of the violation of his federal

15  constitutional rights, or show that the failure of the Court to consider the claims will result in a

16  fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

17      Accordingly the Court **DECLINES** to adopt the R&R to the extent it determined Petitioner's

18  claims were not procedurally defaulted, and  **REMANDS** the matter to Magistrate Judge Bartick to

19  require further briefing on procedural default, including cause and prejudice,  from the parties.

20  **III.    CONCLUSION AND ORDER**

21      In light of the foregoing, the Court **ADOPTS** the Report in part, finding that Petitioner is entitled

22  to equitable tolling, **DECLINES** to **ADOPT** the Report in part, and **REMANDS** to the Magistrate Judge

23  for further briefing and a Report and Recommendation on the issue of procedural default, particularly

24  cause and prejudice, and the fundamental miscarriage of justice exceptions. [ECF No.  46.]

25      **IT IS SO ORDERED.**

26

27  DATED:  April 17, 2013

28

_____
HON. GONZALO P. CURIEL
United States District Judge

-7-

10cv0963