1
2
3
4
5
6
7
8                   UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11   DONALD V. MITCHELL,              )   Case No. 10-cv-0963 GPC (DHB)
                                      )
12                   Petitioner,      )   **ORDER (1) ADOPTING IN PART
                                      )   AND DECLINING TO ADOPT IN
13          v.                        )   PART REPORT &
                                      )   RECOMMENDATION, AND (2)
14   MATTHEW MARTEL, Warden,          )   DENYING PETITION FOR WRIT
                                      )   OF HABEAS CORPUS**
15                   Respondent.      )
                                      )
16   ─────────────────────────────   )

17

18

19
                              **INTRODUCTION**
20
           On May 3, 2010, Petitioner Donald Eugene Mitchell ("Petitioner"), originally
21
     proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §
22
     2254 in which he alleges ineffective assistance of counsel and denial of a mental
23
     competency hearing.[1]  (Dkt. No. 1.)  On September 15, 2011, the Court granted
24
     Petitioner's request for appointment of counsel and appointed CJA panel attorney Kurt
25
     David Hermansen.  (Dkt. No. 35.)  On July 29, 2013, Respondent filed a Response to
26
     Petition for Writ of Habeas Corpus and Memorandum of Points and Authorities.  (Dkt.
27

28          ──────────────────────────
                 [1]Petitioner filed his federal petition for writ of habeas corpus with the assistance of a "jailhouse
            lawyer"; however, Petitioner now has appointed counsel.  (Dkt. No. 46.)

No. 54.)  Petitioner filed a Traverse on September 19, 2013.  (Dkt. No. 58.)

Magistrate Judge David H. Bartick issued a Report and Recommendation ("R&R") recommending the Petition for Writ of Habeas Corpus be denied, finding that Petitioner's first claim of ineffective assistance of counsel was procedurally barred while his second claim was not, but ultimately finding that neither claim has merit. (Dkt. No. 59.)  On January 10, 2014, Respondent filed objections.  (Dkt. No. 60.)

For the reasons outlined below, the Court **ADOPTS** the R&R in part and **DECLINES** to adopt the R&R in part, and **DENIES** the Petition for Writ of Habeas Corpus.

## **FACTUAL BACKGROUND**

This Court gives deference to state court findings of fact and presumes them to be correct; Petitioner may rebut the presumption of correctness, but only by clear and convincing evidence.  See 28 U.S.C. § 2254(e)(1) (2012); see also Parle v. Fraley, 506 U.S. 20, 35–36 (1992) (holding that findings of historical fact, including inferences properly drawn from these facts, are entitled to statutory presumption of correctness). The following facts are taken from the California Court of Appeal opinion:

At about 4:30 a.m. on October 26, 1996, Grace Estep was walking on Market Street in the City of San Diego.  Estep was walking from a friend's residence to a methadone clinic on Home Avenue.  During that walk Estep encountered Mitchell, who called to her.  Estep recognized Mitchell as someone she had seen the day before.  He appeared to be drunk.

Mitchell was dressed in a football jersey with a number on it and had his hair in "jehri [sic] curls."  He demanded that Estep go with him and when she attempted to get around him he firmly grabbed her.

Mitchell pulled Estep toward the Chollas Elementary School across the street.  After a distance Estep managed to pull free from Mitchell by slipping out of the jacket.  She ran away by jumping over a nearby fence. Estep returned to retrieve her jacket and Mitchell again approached her. Estep managed to get away and run to the nearby welfare office where she called police.

Estep was an admitted heroin user who described herself as being five feet three or four inches tall and weighing one hundred fifteen pounds to one hundred twenty pounds.

Estep went with police officers in search of her assailant.  When she observed Mitchell she identified him for police.  When he was

1   arrested Mitchell was wearing a football jersey bearing the number 55 on
2   it.   Mitchell was described by police as five feet eleven inches tall
    weighing two hundred twenty pounds.

3   *Defense*

4       Mitchell called two friends to testify that he had been dropped off
    at a night club in the area that evening and had not obtained a ride home.
5   A third witness, a friend of Estep, testified she did not recall that Estep
    had stayed with her the night before the attack.  She also said Estep never
6   told her about the attack.

7   (Lodgment No. 6 at 2–3.)

8                         **PROCEDURAL BACKGROUND**

9       On April 18, 1997, a jury convicted Petitioner of false imprisonment by violence.
10  (Lodgment No. 1 at 63.)  The trial court subsequently determined that Petitioner had
11  previously been convicted of three crimes that qualified him for sentencing under the
12  Three Strikes law and had served a prison term.  (Lodgment No. 2, vol. 4 at 225–39.)
13  The court sentenced Petitioner to imprisonment for twenty-five years to life.
14  (Lodgment No. 1 at 135.)

15      On December 23, 1997, Petitioner appealed to the California Court of Appeal,
16  contending (1) that the trial court abused its discretion in precluding defense
17  impeachment of the victim with evidence of a prior misdemeanor conviction for
18  prostitution, and (2) the sentence under the Three Strikes law was cruel and unusual.
19  (Lodgment 3.)  On July 24, 1998, the appellate court denied the appeal.  (Lodgment 6.)

20      On August 7, 1998, Petitioner filed a petition for review in the California
21  Supreme Court challenging his sentence.  (Lodgment 7.)  On September 30, 1998, the
22  California Supreme Court summarily denied review.  (Lodgment 8.)  Petitioner did not
23  seek a petition for writ of certiorari from the United States Supreme Court.

24      On October 16, 2009, Petitioner filed a petition for writ of habeas corpus in the
25  California Supreme Court.  (Lodgment 9.)  In the petition, Petitioner claimed his
26  defense counsel was ineffective for failing to investigate the victim's record of
27  prostitution or to investigate Petitioner's mental competence.  (Id. at 3.)  On April 4,
28  2010, the California Supreme Court denied the petition, citing In re Robbins, 18 Cal.

4th 770, 780 (1998), In re Swain, 34 Cal. 2d 300, 304 (1949), and People v. Duvall, 9 Cal. 4th 464, 474 (1995).  (Lodgment 10.)

Petitioner filed the current petition on May 3, 2010, in which he alleges ineffective assistance of counsel and denial of a mental competency hearing. (Dkt. No. 1.)  Respondent filed a Motion to Dismiss on August 17, 2010, contending that the claims were untimely and did not qualify for statutory or equitable tolling.  (Dkt. No. 9.) Magistrate Judge Louisa S. Porter issued an R&R on January 19, 2011, which made the following three findings: (1) Petitioner's conviction became final on December 29, 1998; (2) Petitioner had one year from that date to file a timely federal habeas petition, unless tolling applied; and (3) there was no basis for statutory tolling. (Dkt. No. 13.) However, the Court concluded that the record was not sufficiently developed to determine whether equitable tolling applied and so recommended that Respondent expand the record by lodging documents detailing Petitioner's mental condition. (Id.) On February 16, 2011, District Judge John A. Houston adopted the R&R in full. (Dkt. No. 14.)

Respondent lodged several medical and psychiatric records with the Court and subsequently renewed its Motion to Dismiss, arguing that Petitioner does not qualify for equitable tolling sufficient to excuse the untimeliness of his Petition and that the claims are procedurally defaulted.  (Dkt. No. 23.)  On September 15, 2011, given the evidence of Petitioner's mental impairment, the Court appointed CJA panel attorney Kurt David Hermansen to represent Petitioner. (Dkt. No. 35.) On September 16, 2011, Petitioner's "jailhouse lawyer" filed a Response in Opposition to Respondent's Motion to Dismiss.  (Dkt. No. 36.)  On November 7, 2011, Petitioner's counsel filed a First Amended Response in Opposition to the Motion to Dismiss, asserting Petitioner is entitled to equitable tolling and the Petition is not procedurally defaulted.  (Dkt. No. 40.) On November 21, 2011, Respondent filed a Reply.  (Dkt. No. 42.) Petitioner filed his Response to the Reply on November 26, 2011.  (Dkt. No. 43.)

On February 3, 2012, Magistrate Judge Porter issued an R&R recommending the

motion to dismiss be denied, finding that Petitioner is entitled to equitable tolling and that the claims are not procedurally defaulted.  (Dkt. No. 46.)  Respondent filed Objections on February 23, 2012.  (Dkt. No. 47.)  The case was transferred from Magistrate Judge Porter to Magistrate Judge David H. Bartick on April 5, 2012, (Dkt. No. 48), and from District Judge Houston to this Court on October 30, 2012. (Dkt. No. 49.)

On April 17, 2013, this Court adopted in part and declined to adopt in part the R&R issued by Magistrate Judge Porter.  (Dkt. No. 50.)  Specifically, the Court adopted the findings and conclusions of the magistrate judge addressing equitable tolling.  (Id. at 4.)  However, the Court declined to adopt the R&R to the extent it determined Petitioner's claims were not procedurally defaulted.  (Id. at 7.)  The Court held that Respondent asserted the existence of an adequate and independent state procedural ground, but Petitioner failed to meet his burden of pleading facts that show the procedural bar is inadequate.  (Id. at 4, 7.)  The Court remanded the case to Magistrate Judge Bartick to require further briefing from the parties on procedural default, including cause and prejudice.  (Id. at 7.)

Respondent filed an Answer to Petition for Writ of Habeas Corpus and Memorandum of Points and Authorities on July 29, 2013.  (Dkt. No. 54.)  On September 19, 2013, Petitioner filed a Traverse.  (Dkt. No. 58.)  Magistrate Judge Bartick issued an R&R on December 19, 2013 denying the Petition.  (Dkt. No. 59.)

On January 10, 2014, Petitioner filed objections, arguing the R&R is incorrect for three reasons: (1) the R&R incorrectly concludes that Petitioner's first claim is procedurally defaulted because (a) the first claim is substantial, and, alternatively, (b) the R&R does not reach Petitioner's argument that the first claim satisfies Coleman's[2] cause-and-prejudice standard, (Dkt. No. 60 at 3–6); (2) the R&R erroneously concludes that AEDPA's deferential standard of review applies because the California Supreme Court's denial was on procedural grounds, not on the merits, (id. at 6–9); and (3) the

---

[2]Coleman v. Thompson, 501 U.S. 722, 753 (1991).

1  R&R incorrectly determines Petitioner was not prejudiced by trial counsel's failure to

2  cross-examine the victim.  (Id. at 9–11.)

3                                **DISCUSSION**

4  **I.    LEGAL STANDARD**

5         The duties of the district court with respect to a magistrate judge's report and

6  recommendation are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and

7  28 U.S.C. § 636(b)(1).  The district court "must make a *de novo* determination of those

8  portions of the report . . . to which objection is made" and "may accept, reject, or

9  modify, in whole or in part, the findings of recommendations made by the magistrate."

10  28 U.S.C. § 636(b)(1)(C); see also United States v. Raddatz, 447 U.S. 667, 676 (1980);

11  United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989).

12         As to the portions of the report to which no objection is made, the Court may

13  assume the correctness of the magistrate judge's findings of fact and decide the motion

14  on the applicable law.  Campbell v. U.S. Dist. Court, 501 F.2d 196, 206 (9th Cir.

15  1974); Johnson v. Nelson, 142 F. Supp. 2d 1215, 1217 (S.D. Cal. 2001) (Whelan, J.).

16  Under such circumstances, the Ninth Circuit has held that a failure to file objections

17  only relieves the trial court of its burden to give *de novo* review to factual findings;

18  conclusions of law must still be reviewed *de novo*.  See Robbins v. Carey, 481 F.3d

19  1143, 1147 (9th Cir. 2007).

20  **II.    ANALYSIS**

21  **A.    Procedural Default**

22         This Court has previously found that Petitioner's claims are procedurally

23  defaulted due to Petitioner's failure to adequately plead facts that show the procedural

24  bar is inadequate.  (Dkt. No. 50 at 7.)  The Court will therefore determine whether

25  Petitioner has demonstrated cause and prejudice under either Coleman or Martinez.[3]

26  **B.    Excusing Procedural Default if Petitioner Establishes Cause and Prejudice**

27         Ordinarily, a state-court procedural default may be excused only if a habeas

28

_____

[3]Martinez v. Ryan, 132 S. Ct. 1309, 1318–20 (2012).

petitioner can demonstrate "cause" for the default and resulting "prejudice." <u>Coleman v. Thompson</u>, 501 U.S. 722, 753 (1991). Under <u>Coleman</u>, to establish cause, a petitioner must show that "some objective factor external to the defense impeded . . . efforts to comply with the State's procedural rule." <u>Id.</u> at 753 ("'Cause' . . . must be something *external* to the petitioner, something that cannot be fairly to attributed to him . . . ."). To establish prejudice, the defaulted error must have "worked to [the petitioner's] *actual* and *substantial* disadvantage, infecting his entire trial with error of constitutional dimensions.'" <u>Murray v. Carrier</u>, 477 U.S. 478, 494 (1986) (quoting <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982)).

Where a petitioner has suffered ineffective assistance of counsel at both the trial and appellate levels, the petitioner may bring a habeas corpus petition under the more lenient standard in <u>Martinez v. Ryan</u>. 132 S. Ct. 1309, 1318–19 (2012); <u>see also</u> <u>Clabourne v. Ryan</u>, No. 09–99022, 2014 WL 866382, at *10–11 (9th Cir. Mar. 5, 2014). <u>Martinez</u> provides a petitioner relief from a procedural default if the state petition (1) raised a "substantial claim of ineffective assistance at trial," (2) "in the initial-review collateral proceeding," where (3) "there was no counsel or counsel in that proceeding was ineffective." <u>Martinez</u>, 132 S. Ct. at 1320. To establish cause under <u>Martinez</u>, a petitioner must establish that "his counsel in the state postconviction proceeding was ineffective under the standards of <u>Strickland</u>," which requires the petitioner to establish "(a) post-conviction counsel's performance was deficient, and (b) there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different." <u>Clabourne</u>, 2014 WL 866382, at *11 (citing <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 694 (1984)). To establish prejudice under <u>Martinez</u>, a petitioner must establish that "his 'underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.'" <u>Id.</u> (quoting <u>Martinez</u>, 132 S. Ct. at 1318).

Petitioner argues the R&R errs by finding Petitioner did not meet the <u>Martinez</u>

1  standard and failing to address Petitioner's alternative argument that Petitioner has met

2  the <u>Coleman</u> cause-and-prejudice standard with respect to Petitioner's first claim of

3  ineffective assistance of counsel for trial counsel's failure to cross-examine the victim.[4]

4  The Court will address Petitioner's <u>Coleman</u> objection first.

5        **1.**   **The <u>Coleman</u> Standard**

6       Petitioner argues that the procedural default with respect to his first claim of

7  ineffective assistance of counsel is excused because Petitioner's severe mental illness

8  establishes cause under <u>Coleman</u>. (Dkt. No. 58 at 6; Dkt. No. 60 at 6.) Petitioner cites

9  <u>Schneider v. McDaniel</u>, 674 F.3d 1144, 1154 (9th Cir. 2012), stating that <u>Schneider</u>

10  expressly left open "the possibility that a pro se petitioner might demonstrate cause in

11  a situation where a mental condition rendered the petitioner completely unable to

12  comply with a state's procedures and he has no assistance." (Dkt. No. 58 at 6) (quoting

13  <u>Schneider</u>, 674 F.3d at 1154). Because the Court has already found that Petitioner "did

14  not have the mental competence necessary to file a petition and consequently relied on

15  a jailhouse 'lawyer' to file both his state and federal petitions[,]" (Dkt. No. 58 at 6)

16  (quoting Dkt. No. 46 at 17) (emphasis removed), Petitioner argues the Court should

17  find that Petitioner has established cause under <u>Coleman</u> and <u>Schneider</u>.

18       Petitioner's argument is flawed because the Ninth Circuit has already addressed

19  the situation where a petitioner has a mental illness and is assisted by his fellow

20  inmates (jailhouse "lawyers"). <u>See</u> <u>Tacho v. Martinez</u>, 862 F.2d 1376, 1381 (9th Cir.

21  1986). The petitioner in <u>Tacho</u> alleged three causes for his procedural default: (1) he

22  had been diagnosed with a mental illness; (2) "his attorney on his direct appeal and his

23  attorneys on some of his post-conviction petitions have been incompetent"; and (3) he

24  _____

25     [4]The Court notes that the <u>Martinez</u> standard is more lenient than <u>Coleman</u>'s cause-and-prejudice standard because <u>Martinez</u> addresses a situation where a petitioner received ineffective assistance of counsel at both the trial stage and post-conviction relief stage. <u>Detrich v. Ryan</u>, 740 F.3d

26  1237, 1244 (9th Cir. 2013) ("[The circumstance of two incompetent counsel] is reflected in the [Supreme] Court's *more lenient rule in <u>Martinez</u>* for excusing procedural default.") (emphasis added);

27  <u>Ha Van Nguyen v. Curry</u>, 736 F.3d at 1292 (noting that the Supreme Court relaxed the <u>Coleman</u> standard in <u>Martinez</u>). Given that <u>Martinez</u> is a more lenient standard, the Court finds it intuitive that

28  where a petitioner fails to meet <u>Martinez</u>, he necessarily fails to meet <u>Coleman</u>. However, the Court will address the merits of Petitioner's objection.

1   relied on incompetent jailhouse "lawyers" on his other petitions. Id. The Ninth Circuit

2   had previously found an inmate did not establish cause due to his illiteracy. Id. (citing

3   Hughes v. Idaho State Bd. of Corr., 800 F.2d 905, 909 (9th Cir. 1986)). "While

4   Tacho's mental condition may or may not be a more serious infirmity than Hughes'

5   illiteracy, *Tacho, unlike Hughes, has had help from other inmates*." Id. (emphasis

6   added).

7        In this case, although Petitioner has a long and well-documented history of

8   mental illness, Petitioner had the assistance of a jailhouse "lawyer" in filing his petition

9   for writ of habeas corpus with the California Supreme Court, (Dkt. No. 46 at 6;

10  Lodgment 9 at 3), and his federal petition. (Dkt. No. 46 at 17.) Because the Ninth

11  Circuit has already addressed the situation of a petitioner with a mental illness who is

12  assisted by a jailhouse "lawyer," Petitioner has not established cause under Coleman

13  with respect to his first claim of ineffective assistance of counsel for trial counsel's

14  failure to cross-examine the victim. Because he has failed to establish cause, the Court

15  need not address whether Petitioner was prejudiced. See Tacho, 862 F.2d at 1381

16  ("Because [petitioner] has failed to show cause for his procedural default, we need not

17  consider whether he suffered actual prejudice." (citing Engle v. Isaac, 456 U.S. 107,

18  134 n.43 (1982); and Roberts v. Arave, 847 F.2d 528, 530 n.3 (9th Cir. 1988))).[5]

19  Petitioner's objection that he meets Coleman's cause-and-prejudice standard with

20  respect to his first claim of ineffective assistance of counsel is **OVERRULED.**

21       **2.    Martinez Standard**

22       Petitioner argues the R&R incorrectly concludes that Petitioner's first claim of

23  ineffective assistance of counsel, based on trial counsel's failure to cross-examine the

24

25  _____
    [5]Even if the Court were to consider whether Petitioner suffered actual prejudice, Petitioner
26  would fail to establish he has met Coleman's second prong as well. The Ninth Circuit has noted that
    Coleman's prejudice prong and Martinez's "substantial claim" prong are functionally equivalent. See
27  Detrich v. Ryan, 740 F.3d 1237, 1245 (9th Cir. 2013) (noting that Martinez's requirement that a
    petitioner show a "'substantial' underlying trial-counsel [ineffective assistance of counsel] claim, may
    be seen as the Martinez equivalent of the 'prejudice' requirement under the ordinary 'cause' and
28  'prejudice' rule from Wainwright" and Coleman). As will be discussed below, Petitioner fails to
    establish the "substantial claim" prong of the Martinez standard.

10-cv-0963 GPC (DHB)

victim, is procedurally barred because Petitioner failed to establish the claim is substantial (*i.e.*, has some merit) under <u>Martinez</u>. (Dkt. No. 60 at 4–5.)  Petitioner contends this conclusion is contradicted by "the R&R's own analysis of the merits of the claim." (<u>Id.</u> at 5.)

The Court has reviewed the portion of the R&R addressing the merits of Petitioner's first claim, and based on its own *de novo* review and for the reasons that will be discussed below, Petitioner's objection is **OVERRULED,** and the Court **ADOPTS** the R&R with respect to Petitioner's first claim being procedurally barred.

**C.    Standard of Review**

In cases falling under the Antiterrorism and Effective Death Penalty Act (AEDPA), a denial of a petition for writ of habeas corpus on the merits must be reviewed under the AEDPA's deferential standard. <u>See</u> 28 U.S.C. § 2254(d); <u>Cullen v. Pinholster</u>, 131 S. Ct. 1388, 1402 (2011); <u>Sully v. Ayers</u>, 725 F.3d 1057, 1067 n.4 (9th Cir. 2013).  If, however, the petition was denied on procedural grounds, the denial is to be reviewed *de novo*. <u>Cone v. Bell</u>, 556 U.S. 449, 472 (2009).

Petitioner's state petition for writ of habeas corpus was summarily denied by the California Supreme Court with citations to <u>In re Robbins</u>, 18 Cal. 4th 770, 780 (1998), <u>In re Swain</u>, 34 Cal. 2d 300, 304 (1949), and <u>People v. Duvall</u>, 9 Cal. 4th 464, 474 (1995). (Lodgment 10.)  The magistrate judge concluded that a summary denial with citations to <u>Swain</u> and <u>Duvall</u> signal a denial for failure to state a prima facie case, which is a denial on the merits. (Dkt. No. 59 at 6.)  Petitioner argues the R&R is wrong because citations to <u>Swain</u> and <u>Duvall</u> indicate the claims were not alleged with particularity and is thus a denial on procedural grounds. (Dkt. No. 60 at 6–7.)  Thus, Petitioner argues, the R&R erred by concluding that a deferential standard applies. (<u>Id.</u>)

The Court has reviewed the portion of the R&R addressing the applicability of AEDPA's deferential standard, and based on its own *de novo* review, the Court agrees with Petitioner that the R&R erroneously concludes that citations to <u>Swain</u> and <u>Duvall</u>

signal a failure to state a prima facie case for relief and, thus, AEDPA's deferential standard applies.[6]  The Ninth Circuit has found citations to <u>Swain</u> and <u>Duvall</u> indicate that a motion was denied for failing to plead facts with sufficient particularity and, thus, is a denial on procedural grounds.  <u>See, e.g.</u>, <u>Cross v. Sisto</u>, 676 F.3d 1172, 1177 (9th Cir. 2012) (quoting <u>Gaston v. Palmer</u>, 417 F.3d 1030, 1039 (9th Cir. 2005), <u>as amended by order</u>, 447 F.3d 1165 (9th Cir. 2006)) ("In light of its citations to <u>Swain</u> and <u>Duvall</u>, we read the California Supreme Court's denial of Gaston's sixth habeas application as . . . a holding that Gaston has not pled facts with sufficient particularity[ and] was thus *procedurally deficient* under California law . . . .") (emphasis added); <u>Kim v. Villalobos</u>, 799 F.2d 1317, 1319 (9th Cir. 1986) ("[D]enial of a habeas petition by the Supreme Court of California with a citation to <u>In re Swain</u> was deemed a *denial on procedural grounds, leaving state remedies unexhausted*." (citing <u>Harris v. Superior Court</u>, 500 F.2d 1124, 1128 (9th Cir. 1974))) (emphasis added); <u>Jones v. Rimmer</u>, No. 10cv1463 J(RBB), 2008 WL 4790954, at *7 (S.D. Cal. Oct. 31, 2008) (Jones, J.) (citing <u>Bennett v. Mueller</u>, 322 F.3d 573, 581 (9th Cir. 2008); <u>Washington v. Roe</u>, 225 F.3d 666 (9th Cir. 2000)) (concluding that citations to <u>Clark</u>, <u>Robbins</u>, and <u>Swain</u> are denials on procedural grounds).

Furthermore, other courts have found AEDPA's deferential standard inapplicable where the state court denied the petition with citations to <u>Swain</u> and <u>Duvall</u>.  <u>Scott v. Clark</u> is representative:

> The Court finds the state procedural history establishes Petitioner's . . . claim is subject to *de novo* review rather than AEDPA's deferential standard of review because the California Supreme Court denied Petitioner's third state habeas petition on a procedural ground without reaching the merits. . . .  The state high court's pinpoint cite to <u>Duvall</u> reflects that it denied the third habeas petition because . . . it failed to state

---

[6]Although the R&R is correct in concluding that failure to state a prima facie case is a denial on the merits, the cases on which the R&R relies are distinguishable from the case at bar.  <u>See Cullen v. Pinholster</u>, 131 S. Ct. 1388, 1402 (2011); <u>Sully v. Ayers</u>, 725 F.3d 1057, 1067 n.4 (9th Cir. 2013). Neither <u>Cullen</u> nor <u>Sully</u> involves denials with citations to <u>Robbins</u>, <u>Swain</u>, and/or <u>Duvall</u>.  In <u>Cullen</u>, the California Supreme Court twice denied the petitioner's state habeas corpus petitions "summarily . . . on the substantive ground that it is without merit."  <u>Cullen</u>, 131 S. Ct. at 1396–97.  In <u>Sully</u>, the California Supreme Court similarly summarily denied the petitioner's state habeas petition on the merits.  <u>Sully</u>, 725 F.3d at 1066 & 1067 n.4.

10-cv-0963 GPC (DHB)

"fully and with particularity the facts on which relief is sought" . . . . <u>Duvall</u>, 9 Cal. 4th at 474. Similarly, the court of appeal's pinpoint cite to <u>Swain</u> establishes that it denied the second habeas petition for lack of factual particularity. <u>Swain</u>, 34 Cal. 2d at 303–04. A state court order denying a habeas petition based upon <u>Duvall</u> and <u>Swain</u> indicate the state court found the petition raised a claim that was procedurally defective due to the petitioner's failure to "allege with sufficient particularity the facts warranting habeas relief." . . . Because the state high court denied the claim without reaching the merits, AEDPA's deferential standard of review is inapplicable.

<u>Scott v. Clark</u>, No. CV 08-05595 SVW (AN), 2010 WL 441540, at *3 (C.D. Cal. Feb. 1, 2010) (internal citations omitted); <u>see also</u> <u>Cole v. McDonald</u>, No. CV 10–9742–JVS (PLA), 2012 WL 3029777, at *5 (C.D. Cal. June 12, 2012) (same); <u>Blanco v. Almager</u>, No. EDCV 07–346–RSWL (MAN), 2011 WL 4579142, at *8 (C.D. Cal. June 6, 2011) (same).

Although the R&R erroneously concluded AEDPA's deferential standard applies, the R&R nevertheless applied an independent review. (Dkt. No. 59 at 7.) "Because [the California Supreme Court's denial] is a summary denial, . . . this Court must conduct *an independent review* of the record . . . ." (<u>Id.</u>) (emphasis added). The error, therefore, was harmless. However, Petitioner's objection is **SUSTAINED,** and the Court **DECLINES TO ADOPT** the R&R to the extent it concludes that the California Supreme Court's denial was on the merits and the AEDPA's deferential standard of review applies.

**D.    The Merits**

Petitioner asserts in his first claim that trial counsel was ineffective for failing to cross-examine the victim, Grace Estep ("Estep"), regarding a possible conviction for prostitution. Petitioner asserts in his second claim that trial counsel was ineffective for failing to request a mental competency hearing. (Dkt. No. 1 at 4–5.)

To establish ineffective assistance of counsel, a petitioner must show two things. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). First, the petitioner must show that his attorney's representation fell below an objective standard of reasonableness, which "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Id.</u>

10-cv-0963 GPC (DHB)

Second, the petitioner must show he was prejudiced by counsel's error.  Id.  To establish prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694.  Strickland requires that "[j]udicial scrutiny of counsel's performance . . . be highly deferential."  Id. at 689.  There is a "strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance."  Id. at 686–87.

### 1.    Failure to Cross-Examine the Victim

Petitioner's first claim of ineffective assistance of counsel is based on trial counsel's failure to cross-examine Estep.  (Dkt. No. 1; Dkt. No. 58.)  The R&R concluded that, although trial counsel erred by failing to cross-examine Estep, (Dkt. No. 59 at 9–10), Petitioner was not prejudiced because trial counsel successfully impeached Estep by questioning inconsistencies in her story and admitting her past heroin addiction and current methadone use.  (Id. at 7–10.)  Petitioner objects, arguing Petitioner was prejudiced by this failure, citing Milke v. Ryan, 711 F.3d 998, 1018–19 (9th Cir. 2013), and Slovik v. Yates, 556 F.3d 747, 756 (9th Cir. 2009).

Petitioner argues the R&R is wrong in finding that Petitioner was not prejudiced.  As the prosecution's sole eyewitness, Petitioner argues it is "reasonably probable" that further impeachment of Estep would have altered the case's outcome.  (Dkt. No. 60 at 10.)  Petitioner asserts that "because Estep's credibility had already been attacked with inconsistencies and her drug use, the *additional* impeachment with her admission of prostitution likely would have caused at least one jury [sic] to find Estep untrustworthy."  (Id. at 12.)  The Court does not agree.

First, the cases on which Petitioner relies are distinguishable.  In Milke v. Ryan, the petitioner was convicted of murdering her four-year-old son based *solely* on one detective's testimony.  Milke, 711 F.3d at 1018.  The detective testified at trial that the defendant confessed to the murder, but there was no independent way of verifying the

accuracy of the detective's statement because he did not record the interrogation, did not have another officer present during the interrogation, destroyed his notes on the interrogation after drafting his report, and failed to have the defendant sign a *Miranda* waiver. Id. at 1002. Meanwhile, the defendant adamantly denied her involvement with the murder; there was no physical evidence linking her to the murder; and her co-defendants, the men who actually shot her son, refused to testify against her, insisting she was not involved. Id. at 1002, 1022. The jury convicted the petitioner on only the detective's word. Id. at 1003. The prosecution, however, failed to disclose that the detective had received a five-day suspension for "taking 'liberties' with a female motorist" and subsequently lying to his supervisors; and lied in other cases resulting in confessions being suppressed, indictments tossed out, or convictions vacated. Id. at 1003, 1012–15. Because the conviction was based solely on the detective's word, and because the jury did not hear *any* impeaching evidence of the detective's long history of lies and misconduct, the petitioner's writ of habeas corpus was granted. Id. at 1019.

In Slovik v. Yates, the petitioner was convicted of assault with a deadly weapon for throwing billiards balls at the victim. Slovik, 556 F.3d at 756. The details of the fight were "kind of hazy" and the witnesses, many of whom were on probation and who were impeached as such, "offered conflicting testimony." Id. at 749. The prosecution's key witness, the victim, testified "plainly" that the defendant threw billiards balls directed at him, even though other witnesses testified the defendant threw the balls haphazardly, not directed at any specific person. Id. at 755–56. Even though the victim's testimony was key to the defendant's conviction, id. at 756, the defendant's trial counsel was prohibited from impeaching the victim when the victim lied under oath and testified that he was not on probation. Id. at 750. Although the defendant's counsel successfully impeached other witnesses by presenting evidence that they were on probation, the error was prejudicial because the victim had *not* been impeached. Id. at 754.

10-cv-0963 GPC (DHB)

In both of these cases, defense counsel was unable to present *any* evidence to impeach the key witnesses, who proffered the only evidence on which the jury's verdict stood. In contrast, Petitioner's trial counsel here was able to present some evidence to call Estep's character into question. Trial counsel successfully impeached Estep with various inconsistencies in her story, including how long it took for her to walk to the methadone clinic, what time the methadone clinic opened on Saturdays, and other details of her story. (Lodgment No. 2, vol. 2 at 33–47, 49–50, 61–62, 64, 107–09.) In addition, trial counsel called into question Estep's claim that she had spent the night before the assault at a house on Craigie Street belonging to her friend. (Id. at 33–35.) Detective Gutierrez testified that in a follow-up interview, Estep told him she had spent the night at her sister's house. (Id. at 99–101, 107–08.) Trial counsel called Estep's sister, Denise Williams ("Williams"), to testify Estep never told her about the attack. (Lodgment No. 2, vol. 3 at 153–54.) Williams also testified that she did not think Estep had stayed at her house the night of the attack, and that, in any event, if Estep had, she would not have been able to get out of the house at 4:00 or 4:30 in the morning because Williams's husband locked the door from the inside and would hear anyone who tried to use the key to unlock the door. (Id. at 154–55, 157–58.) Evidence of Estep's past heroin use and current methadone use was also introduced. (Lodgment No. 2, vol. 2 at 135–36.)

Furthermore, Estep's testimony is not the *only* evidence on which Petitioner's conviction rests. The circumstances surrounding Petitioner's apprehension were compelling. Petitioner matched the detailed description Estep provided police within minutes of the attack, and Petitioner was located within minutes and blocks from where the attack occurred. (Lodgment No. 2, vol. 2 at 15, 25, 54.) Upon escaping from Petitioner, Estep fled to a welfare office a half block away and called police. (Id. at 25.) Officers arrived within two minutes. (Id.) She testified her attacker had a "jheri curl" hairdo, weighed 170 to 180 pounds, was five feet nine inches to six feet tall, and wearing a football jersey with the number 55 on it. (Id. at 54.) She was very upset and

10-cv-0963 GPC (DHB)

distraught while talking to police. (Id. at 53–54.) Within three minutes of the call going out, police spotted a person who fit the description about three blocks from where Estep was assaulted. (Id. at 76–77.) The suspect, later identified as Petitioner, had a "jheri curl" hairdo and was wearing a football jersey with the number 55 on it. (Id. at 78.) Petitioner was taken to a curbside lineup about five minutes later. (Id.) Estep identified Petitioner as the person who grabbed her and was "absolutely positive" it was him. (Id. at 103.)

Given that Petitioner was located within minutes and blocks of where the assault occurred, that Petitioner matched the detailed description Estep provided, and that Estep positively identified Petitioner in a curbside lineup, there was strong evidence supporting Petitioner's conviction. See, e.g., Mills v. Runnel, No. CIV S-03-0264 DFL DAD P, 2006 WL 1551247, at *1, *8 (E.D. Cal. June 1, 2006) (recommending that writ of habeas corpus be denied, finding there was substantial evidence to support conviction where "victim identified petitioner as her attacker a short time after the crime occurred" and petitioner, matching victim's description, was found four to six blocks away from the crime scene within seven minutes of the police being notified of the crime); Williams v. Swarthout, No. CV 09–6645 (FMO), 2012 WL 6552147, at *9 (C.D. Cal. Sept. 25, 2012) (finding that the evidence against petitioner was strong where petitioner, matching witness's description, was stopped within a four-minute walk of the crime scene and witness identified petitioner in a lineup immediately after the incident). Petitioner's objection is **OVERRULED,** and the Court **ADOPTS** the R&R with respect to the merits of Petitioner's first claim.

### 2.    Failure to Request a Mental Competency Hearing

The Court received no objections to the R&R's analysis and conclusion with respect to Petitioner's second claim of ineffective assistance of counsel. As such, the Court assumes the correctness of the magistrate judge's factual findings and adopts them in full. The Court has conducted a *de novo* review, independently reviewing the R&R and all relevant papers submitted by both parties, and finds that the R&R

10-cv-0963 GPC (DHB)

provides a cogent analysis of the issues related to Petitioner's second claim. Specifically, this Court agrees with the magistrate judge that, although there is evidence of Petitioner's mental illness since being incarcerated, the record shows that during trial, Petitioner was able to respond appropriately to the trial judge, (Lodgment No. 2, vol. 2 at 1; Lodgement No. 2, vol. 3 at 148–49; Lodgment No. 2, vol. 4 at 225–26, 236–37), and confer with trial counsel.  (Lodgment No. 2, vol. 2 at 135, 141, 144–45.)  Thus, the record establishes Petitioner had "the capacity to understand the proceedings and to assist counsel," which is all that competency requires.  Deere v. Cullen, 718 F.3d 1124, 1144 (9th Cir. 2013) (quoting Godinez v. Moran, 509 U.S. 389, 402 (1993)).  The Court **ADOPTS** the R&R with respect to Petitioner's second claim.

## CONCLUSION AND ORDER

In light of the foregoing, the Court **ADOPTS** the R&R in part, finding that Petitioner's first claim is procedurally barred and that Petitioner's second claim is without merit; and **DECLINES TO ADOPT** the R&R in part, finding that the California Supreme Court's denial was on procedural grounds and AEDPA's deferential standard of review is not applicable.  Petitioner's Petition for Writ of Habeas Corpus is **DENIED.**

**IT IS SO ORDERED.**

DATED:  May 13, 2014

HON. GONZALO P. CURIEL
United States District Judge

17                                        10-cv-0963 GPC (DHB)